UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROXANNE HANCOCK on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>SCHWARTZ VAYS; SCHWARTZ VAYS NY, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, ROXANNE HANCOCK (hereinafter "HANCOCK" or "Plaintiff") on behalf of herself and all others similarly situated (hereinafter "Plaintiffs") by and through her undersigned attorneys, alleges against the above-named Defendants, SCHWARTZ VAYS; SCHWARTZ VAYS NY, LLC (hereinafter "SCHWARTZ VAYS"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff, HANCOCK, is a natural person and a resident of New York County, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. SCHWARTZ VAYS is a foreign company with its principal place of business at 1401 Brickell Avenue, Suite 320-B, Miami, Florida 33131.

8. SCHWARTZ VAYS NY, LLC is a foreign limited liability company with its principal place of business at 1401 Brickell Avenue, Suite 320, Miami, Florida 33131.

9. Upon information and belief, SCHWARTZ VAYS uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. SCHWARTZ VAYS is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## AGENCY ALLEGATIONS

12. Plaintiff is informed, believes, and thereon alleges that all times herein mentioned each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendant.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from SCHWARTZ VAYS which are in violation of the FDCPA, as described in this Complaint.

14. This Action is properly maintained as a statewide class action. The Class consists of:

> All New York consumers who were sent collection letters and/or notices from SCHWARTZ VAYS, attempting to collect debt(s) allegedly owed to another, which included the alleged conduct and practices described herein.

> The class definition may be subsequently modified or refined.

> The Class period begins one year to the filing of this Action.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

16. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt

collection letters and/or notices from Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

17. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether Defendants violated various provisions of the FDCPA;

   b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

18. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

19. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

20. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

21. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

22. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

23. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

24. On or before January 10, 2022 Plaintiff incurred a financial obligation to 1630 Madison Avenue (the "Association").

25. The ASSOCIATION obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

26. The ASSOCIATION obligation arose out of a transaction, which was for non-business purposes.

27. ASSOCIATION is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. The ASSOCIATION obligation is a "debt" as defined by 15 U.S.C § 1692a(5).

29. Plaintiff at all times relevant to this lawsuit was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

30. On or before January 10, 2022, the ASSOCIATION placed and/or referred the ASSOCIATION obligation with SCHWARTZ VAYS for the purpose of collection.

31. At the time the ASSOCIATION placed and/or referred the ASSOCIATION obligation with SCHWARTZ VAYS for the purpose of collection, such obligation was past due.

32. At the time the ASSOCIATION placed and/or referred the ASSOCIATION obligation with SCHWARTZ VAYS for the purpose of collection, such obligation was in default.

33. On or about January 10, 2022, SCHWARTZ VAYS caused to be mailed to HANCOCK a letter concerning the ASSOCIATION obligation. A copy of said letter is annexed hereto as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

34. The January 10, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

35. The January 10, 2022 letter stated, in relevant part:

"**NOTICE OF INTENT TO RECORD A CLAIM OF LIEN**

   1/10/2022

**DELIVERED VIA FIRST-CLASS US MAIL AND CERTIFIED MAIL**"

36. The January 20, 2022 letter further stated in part:

"Dear ROXANNE HANCOCK,

Schwartz Vays, on behalf of 1630 Madison Ave ("Association"), hereby serves this notice of intent to record a claim of lien on the property identified above unless all outstanding amounts are paid in full.

Below you will find an itemized breakdown of the maintenance fees, interest, late fees and administrative collection costs that remain outstanding. In order to avoid a claim of lien being filed against the property, the total amount listed below is due immediately. Failure to settle all outstanding debts within 30 days may result in a claim of lien being filed against the property.

Total Assessments through 1/10/2022: $6,213.08
Late Fees through 1/10/2022: $121.00
Interest through 1/10/2022: $30.06
Collection Costs: $250.00
Other Charges: $0.00
**Total Amount Outstanding: $6,614.14**

Please contact our office immediately before a lien is filed against the property. Interest will continue to accrue at the rate set forth in your governing documents and applicable law."

37. The January 20, 2022 letter further stated in, part:

> **"THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND ANY INFORMATION OBTAINED SHALL BE USED FOR THAT PURPOSE. THE PURPOSE OF THIS COMMUNICATION IS TO REMAIN COMPLIANT WITH CERTAIN STATUTORY NOTICE REQUIREMENTS AND IS NOT INTENDED TO BE CONSIDERED A DEMAND FOR PAYMENT. PLEASE NOTE THAT ANY LEGAL, PROCESSING AND RECORDING FEES ASSOCIATED WITH THE CLAIM OF LIEN WILL BE ADDED TO THE ABOVE BALANCE. <u>FAILURE TO SATISFY THIS BALANCE IN A TIMELY MANNER MAY RESULT IN THIS DELINQUENCY BEING REPORTED TO THE CREDIT BUREAUS, WHICH MAYNEGATIVELY IMPACT YOUR CREDIT SCORE</u>.**

38. The January 10, 2022 letter further stated, in part:

> **Do you wish to make a payment, but don't want to speak with a collector? Do you need to request a payment plan? Simply login to your account at www.schwartzvays.com/myaccount to access all of these resources made available to you online, and more. All you need is the eight-digit Property ID located at the top of this page.**

39. The January 10, 2022 letter further stated, in part:

| OTHER AVAILABLE PAYMENT OPTIONS ||
|---|---|
| **Online:** Paying online is the fastest, easiest, and most secure way to make a payment on your account. We accept debit & credit card and e-check. | Make an Online Payment Now: **www.schwartzvays.com/pay** |
| **Mail:** Check, Cashier's check or money order. Please make sure to include the **Property ID** on the check. | Mail your Payment to: **PO BOX 310776 Miami, FL 33231** |
| **Phone:** Call us to make a secure payment using debit, credit card or e-check. | Call us now: **800-875-9221** |
| Wire transfer option: instructions available upon request ||

40. Upon receipt, Plaintiff read the January 10, 2022 letter.

41. SCHWARTZ VAYS included collection costs in the amount of $250.00, stated in the January 10, 2022 letter.

42. As of January 10, 2022, SCHWARTZ VAYS had not collected any monies from HANCOCK.

43. As of January 10, 2022, HANCOCK did not owe collection costs to the ASSOCIATION.

44. The collection costs included in the $6,614.14, represents the contingency fee agreement between SCHWARTZ VAYS and the ASSOCIATION rather than a pre-paid, flat fee.

45. HANCOCK did not agree to pay prospective or estimated collection costs.

46. At the time SCHWARTZ VAYS sent the January 10, 2022 letter, HANCOCK did not owe the ASSOCIATION collection costs.

47. At the time SCHWARTZ VAYS sent the January 10, 2022 letter to HANCOCK, it had not billed the ASSOCIATION for collection costs, relative to the collection of the debt.

48. At the time SCHWARTZ VAYS sent the January 10, 2022 letter to HANCOCK, it had not charged the ASSOCIATION collection costs relative to the collection of the debt.

49. At the time SCHWARTZ VAYS sent the January 10, 2022 letter to HANCOCK, the ASSOCIATION had not paid collection costs to SCHWARTZ VAYS relative to the collection of the debt.

50. At the time SCHWARTZ VAYS sent the January 10, 2022 letter to HANCOCK, the ASSOCIATION had not been awarded collection costs by any Court in any jurisdiction, relating to the debt.

51. At the time SCHWARTZ VAYS sent the January 10, 2022 letter to HANCOCK, the ASSOCIATION had not filed an action in any court in any jurisdiction, related to the debt.

52. Upon information and belief, members of the class have made payment of collection costs, which were not due and owing.

53. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, SCHWARTZ VAYS sent collection letters/notices attempting to collect debts to more than 40 consumers residing within the State of New York attempting to collect costs not authorized by the agreements creating the alleged debts or permitted by law.

54. SCHWARTZ VAYS' actions as described herein are part of a pattern and practice used to collect consumer debts.

55. SCHWARTZ VAYS could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**POLICIES AND PRACTICES COMPLAINED OF**

56. It is SCHWART VAYS' policy and practice to send written collection communications, in the form annexed hereto that violate the FDCPA, by *inter alia*:

    a. Falsely representing the character, amount, or legal status of any debt;

    b. Using false, deceptive or misleading representations or means in connection with the collection of any debt;

    c. Using unfair or unconscionable means to collect or attempt to collect any debt;

    d. Attempting to collect collection costs when no such fees were due pursuant to the agreement creating the obligation or permitted by law;

    e. Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

    f. Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

    g. Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

    h. Causing consumers to suffered a risk of economic injury.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e et seq.**

57. Plaintiff repeats the allegations contained in paragraphs 1 through 56 as if the same were set forth at length herein.

58. Collection letters and/or notices such as those sent by SCHWARTZ VAYS are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

59. SCHWARTZ VAYS violated 15 U.S.C. § 1692 *et seq*. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

60. 15 U.S.C. § 1692e prohibits a debt collector from using false, deceptive or misleading representation or means in connection with the collection of any debt.

61. SCHWARTZ VAYS violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive, misleading representations and means in connection with its attempts to collect the alleged debt from Plaintiff and others similarly situated.

62. 15 U.S.C. § 1692e(2)(A) provides that a debt collector may not falsely represent the character, amount, or legal status of any debt.

63. SCHWARTZ VAYS violated 15 U.S.C. §1692e(2)(A) by including an amount for collection costs in the amount of the debt, in the January 10, 2022 letter, when no such amount was due at the time SCHWARTZ VAYS mailed said letter to HANCOCK.

64. SCHWARTZ VAYS violated 15 U.S.C. §1692e(2)(A) by falsely representing the amount of the debt in the January 10, 2022 letter to HANCOCK.

65. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

66. SCHWARTZ VAYS violated 15 U.S.C. § 1692e(10) by including an amount for collection costs in the January 10, 2022 letter when no such costs were due at the time the letter was mailed to HANCOCK.

67. SCHWARTZ VAYS violated 15 U.S.C. § 1692e(10) by including an amount for collection costs in the January 10, 2022 letter when no such costs were due at the time the letter was mailed to HANCOCK, which falsely represented the amount of the debt.

68. SCHWARTZ VAYS violated 15 U.S.C. § 1692e(10) by including an amount for collection costs in the January 10, 2022 letter when no such costs were due at the time the letter was mailed to HANCOCK, which deceptively increased the amount of the debt.

69. SCHWARTZ VAYS violated 15 U.S.C. § 1692e(10) by stating "**THE PURPOSE OF THIS COMMUNICATION IS TO REMAIN COMPLIANT WITH CERTAIN STATUTORY NOTICE REQUIREMENTS AND IS NOT INTENDED TO BE CONSIDERED A DEMAND FOR PAYMENT**" but also stating "Do you wish to make payment…?Do you need to request a payment plan?...", and including "OTHER AVAILABLE PAYMENT OPTIONS" as it misleads the consumer about the purpose of the January 10, 2022 letter.

70. HANCOCK suffered an informational injury due to SCHWARTZ VAYSs' violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to HANCOCK.

71. HANCOCK suffered a risk of economic injury due to SCHWARTZ VAYS' violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to HANCOCK.

**COUNT II**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692f et seq.**

72. Plaintiff repeats the allegations contained in paragraphs 1 through 71 as if the same were set forth at length herein.

73. 15 U.S.C. § 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt

74. SCHWARTZ VAYS violated 15 U.S.C. § 1692f et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

75. 15 U.S.C. § 1692f(1) prohibits debt collectors from collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

76. By including an amount for collection costs in the January 10, 2022 letter, when no such costs were owed at the time the letter was mailed to HANCOCK, SCHWARTZ VAYS used unfair or unconscionable means to collect or attempt to collect any debt from HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692f(1).

77. By including an amount for collection costs in the January 10, 2022 letter, when no such collection costs are expressly authorized by the agreement creating the debt or permitted by law, SCHWARTZ VAYS used unfair or unconscionable means to collect or attempt to collect any debt from HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692f(1).

78. HANCOCK suffered an informational injury due to SCHWARTZ VAYS' violation of 15 U.S.C. § 1692f and § 1692f(1) of the FDCPA in connection with its communications to HANCOCK.

79. HANCOCK suffered a risk of economic injury due to SCHWARTZ VAYS violation of 15 U.S.C. § 1692f and § 1692f(1) of the FDCPA in connection with its communications to HANCOCK.

80. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

81. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

82. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

83. Plaintiff and others similarly situated were sent letters and/or Complaints, which have the propensity to affect their decision-making with regard to the debt.

84. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

85. Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against SCHWARTZ VAYS as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

   (c)  Issuing a declaratory Order requiring Defendants to make corrective disclosures;

   (d)  Awarding Plaintiff and the Class statutory damages;

   (e)  Awarding Plaintiff and the Class actual damages;

   (f)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

   (g)  Awarding pre-judgment interest and post-judgment interest; and

   (h)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: New York, New York
   March 9, 2022

            */s/ Joseph K. Jones*
            Joseph K. Jones, Esq.
            jkj@legaljones.com

            */s/ Benjamin J. Wolf*
            Benjamin J. Wolf, Esq.
            JONES, WOLF & KAPASI, LLC
            One Grand Central Place
            60 East 42nd Street, 46th Floor
            New York, New York 101065
            (646) 459-7971 telephone
            (646) 459-7973 facsimile
            bwolf@legaljones.com
            *Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

            */s/ Joseph K. Jones*
            Joseph K. Jones

# Exhibit A

**NOTICE OF INTENT TO RECORD A CLAIM OF LIEN**
1/10/2022
**DELIVERED VIA FIRST-CLASS US MAIL AND CERTIFIED MAIL**

ROXANNE HANCOCK

New York, NY

Unit ID:

New York, NY

Dear ROXANNE HANCOCK,

Schwartz Vays, on behalf of _____ ("Association"), hereby serves this notice of intent to record a claim of lien on the property identified above unless all outstanding amounts are paid in full.

Below you will find an itemized breakdown of the maintenance fees, interest, late fees and administrative collection costs that remain outstanding. In order to avoid a claim of lien being filed against the property, the total amount listed below is due immediately. Failure to settle all outstanding debts within 30 days may result in a claim of lien being filed against the property.

| | |
|---|---|
| Total Assessments through 1/10/2022: | $6,213.08 |
| Late Fees through 1/10/2022: | $121.00 |
| Interest through 1/10/2022: | $30.06 |
| Collection Costs: | $250.00 |
| Other Charges: | $0.00 |
| **Total Amount Outstanding:** | **$6,614.14** |

Please contact our office immediately before a lien is filed against the property. Interest will continue to accrue at the rate set forth in your governing documents and applicable law.

Please note that if all or any of the amounts claimed herein are subject to an active bankruptcy filing or were discharged in a bankruptcy filing in accordance with the U.S. Bankruptcy Code, this statutory notice is not at attempt to collect such amounts from you personally.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND ANY INFORMATION OBTAINED SHALL BE USED FOR THAT PURPOSE. THE PURPOSE OF THIS COMMUNICATION IS TO REMAIN COMPLIANT WITH CERTAIN STATUTORY NOTICE REQUIREMENTS AND IS NOT INTENDED TO BE CONSIDERED A DEMAND FOR PAYMENT. PLEASE NOTE THAT ANY LEGAL, PROCESSING AND RECORDING FEES ASSOCIATED WITH THE CLAIM OF LIEN WILL BE ADDED TO THE ABOVE BALANCE. <u>FAILURE TO SATISFY THIS BALANCE IN A TIMELY MANNER MAY RESULT IN THIS DELINQUENCY BEING REPORTED TO THE CREDIT BUREAUS, WHICH MAY NEGATIVELY IMPACT YOUR CREDIT SCORE.</u>**

Any questions on this matter should be directed towards:   Schwartz Vays NY, LLC
(800) 875-9221
info@schwartzvays.com

---

**Do you wish to make a payment, but don't want to speak with a collector? Do you need to request a payment plan? Simply login to your account at www.schwartzvays.com/myaccount to access all of these resources made available to you online, and more. All you need is the eight-digit Property ID located at the top of this page.**

| OTHER AVAILABLE PAYMENT OPTIONS ||
|---|---|
| **Online:** Paying online is the fastest, easiest, and most secure way to make a payment on your account. We accept debit & credit card and e-check. | Make an Online Payment Now:<br>**www.schwartzvays.com/pay** |
| **Mail:** Check, Cashier's check or money order. Please make sure to include the **Property ID** on the check. | Mail your Payment to:<br>**PO BOX 310776**<br>**Miami, FL 33231** |
| **Phone:** Call us to make a secure payment using debit, credit card or e-check. | Call us now: **800-875-9221** |
| **Wire transfer option:** instructions available upon request ||

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

**IMPORTANT NOTICES**

**OFFICE HOURS:** Monday through Friday 9:00 AM – 5:00 PM. (All times are Eastern).

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under the state and federal law.

**California** – The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 AM or after 9:00 PM. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal phone calls at work. For the most part, collectors mat not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgement. For more information about debt collection activities, you may contact the Federal Trade Commission at 1.877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**California/Utah** – As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Colorado** – Colorado residents may contact our office by telephone at 800-875-9221 during the office hours stated above.
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLELCTION AGENCY FROM TAKING ANOTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

**Massachusetts –** Massachusetts residents may contact our office by telephone at 800-875-9221 during the office hours stated above. The business address is: 1401 Brickell Ave. Suite 320 Miami, FL 33131.
NOTICE OF IMPORTANT RIGHTS - YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID ONLY FOR TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

**Minnesota –** This collection agency is licensed by the Minnesota Department of Commerce.

**New York City –** New York City Department of Consumer Affairs License number 2097825-DCA.

Be advised that debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C ss1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.
If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; 11. Ninety percent of your wages or salary earned in the last sixty days.

**North Carolina –** North Carolina Department of Insurance Permit Number 512959653.

**Tennessee** – This collection agency is exempt from licensing by the Department of Commerce and Insurance.

**Texas** – Please call us toll-free at 800-875-9221.

**Wisconsin** – This collection agency is exempt from licensing by the Division of Banking in the Department of Financial Institutions, www.wdfi.org.

**To all consumers:** Federal law or other state laws may also provide you with similar or even greater rights.